**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

*FILED*

AUG 2 9 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| WILLIAM WENXUN ZHAO  (pro se) | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| ASTELLAS PHARMA GLOBAL | ) | |
| DEVELOPMENT AND | ) | **11-cv-06001** |
| ASTELLAS PHARMA | ) | **Judge Ruben Castillo** |
| | ) | |
| Defendants. | ) | **Magistrate Jeffrey Cole** |

**COMPLAINT**

Plaintiff William Wenxun Zhao ("Zhao"), for his pro se complaint against Defendants Astellas Pharma Global Development ("APGD"), a wholly-owned subsidiary of Astellas Pharma ("Astellas") to redress discrimination in violation of applicable provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq*. states as follows:

**Parties**

1.     Plaintiff Zhao is a resident of Deerfield, Illinois.  He was born in the Jiangsu Province in China.  He came to the United States in 1983 and became a U.S. citizen in 2001.

2.     Defendant Astellas is a Japanese pharmaceutical company headquartered in Tokyo, Japan.

3.     On information and belief, Defendant APGD is a wholly-owned subsidiary (or in the alternative is a division) of Astellas with its headquarters in Deerfield, Illinois.  APGD employs a few hundred persons in the U.S.  Therefore, APGD is subject to Title VII jurisdiction.

**JURISDICTION AND VENUE**

4.     On March 4, 2010, within three hundred days of being terminated by the

Defendants, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. A copy of his charge is attached hereto as Exhibit A.

5.    On June 1, 2011, within 90 days before the filing of this case, the EEOC mailed a notice of the right to sue as issued by the EEOC. A copy of the right to sue letter is attached as Exhibit B.

6.    Therefore, this Court has federal question subject matter jurisdiction under 28 U.S.C. §1331 and applicable provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq.* (as asserted by all three plaintiffs) and the Age Discrimination In Employment Act, 29 U.S.C. §623 (a)(1).

7.    Venue in this District is proper as the Defendant resides in this District and the acts giving rise to these claims occurred in this District.

## CLAIMS

8.    Research Data Science (RDS) is a department within APGD comprised of the Biostatistics, SAS Programming, and Data Management departments. There are around 90 employees in RDS, 26 within Biostatistics and 20 in SAS Programming.

9.    Until the termination of his employment, Zhao was employed by APGD since 2001 as the Senior Director of Research Data Science.

10.   At all relevant times since 2001 (until the termination of his employment), Zhao reported to various individuals who served as head of Research & Development in Astellas U.S. or head of APGD Global Development Operation. Zhao most recently reported to Peter Carberry.

11.   Plaintiff is entitled to the protections of Title VII based on race and/or national origin.

12. APGD is a company that promotes an atmosphere of racial and ethnic discrimination that is manifested in numerous ways amounting to patterns and practices of discrimination and hostile work environments. Specifically:

    a. Persons of minority races, including persons of Chinese ancestry are disadvantaged and disfavored within APGD/Astellas.

    b. In the United States, Caucasians are viewed by APGD as superior to other racial and ethnic groups such as African Americans and non-Japanese Asians. Women and older persons are also disfavored.

    c. This bias manifested itself in numerous ways including discriminatory promotions and the discriminatory enforcement of company rules whereby minorities were disciplined or otherwise disadvantaged for matters that were overlooked for Caucasians.

13. The pattern and practice of discrimination and hostile work environment at APGD described above exists within the Deerfield headquarters of APGD and it reflects an unwritten policy of this Defendant.

14. The pattern and practice of discrimination and hostile work environment at APGD described above applies in greater force the higher an individual might be promoted or seek to be promoted within APGD. On information and belief at or above Sr. Director and department head level (including promotion to Sr. Director) for at least nine years through and including January 2010, all promotions happened to Caucasians, all disciplinary actions that led to terminations were against non-Caucasians.

15. On January 7, 2010, as part of the pattern and practice of discrimination and hostile work environment alleged herein and based on their national origin and race, Zhao and

two subordinates were terminated by APGD.

16.     The reasons given by APGD for Zhao's termination were phony and pretextual and reflected the pattern of discriminatory treatment, as similarly situated Caucasians who had engaged in the same or like conduct were not disciplined, let alone terminated.   Without limitation, this includes an individual named David Facklam.

17.     Further, the phony reasons put forth by APGD were calculated to intimidate and embarrass the Plaintiff and to cause him to leave quietly, instead of pursuing his rights under law.

18.     These terminations were part of a continuing course of race and national origin discrimination in Zhao's employment, the last act of which occurred within three hundred (300) days before they filed charges of discrimination with the EEOC.

19.     As a consequence of his termination Zhao has suffered emotional distress.

20.     Zhao hereby charges discrimination in his termination based on race and/or national origin.

21.     The conduct of APGD/ was willful and intentional.

22.     Zhao has been injured by conduct of APGD and such injuries will project into the future.

**Requests for Relief**

Plaintiff Zhao seeks all relief to which he is entitled under Title VII of the Civil Rights Act of 1964 for discrimination on the basis of race and national origin, including backpay and front pay, and consequential damages including damages for emotional distress.   Zhao's demands include both monetary and non-monetary remuneration including bonuses and incentives that he would have received but for his termination (based on work performed prior to

4

his termination and going forward). In the alternative, he demands reinstatement. In addition, Zhao demands punitive damages in an amount sufficient to punish APGD/Astellas and deter others from like misconduct, costs of suit, reasonable attorneys' fees and such further relief as is just and appropriate.

_____
**William Wenxun Zhao , pro se**

**60 Estate Drive
Deerfield, IL 60015
847-275-5923 (phone)
847-607-9096 (fax)
Wzhao2020@yahoo.com**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2010-02716 |

Illinois Department of Human Rights _____ and EEOC

*State or local Agency, if any*

NAME *(indicate Mr., Ms., Mrs.)*
Mr. William Wenxun Zhao

HOME TELEPHONE *(Include Area Code)*
(847) 607-9096

STREET ADDRESS
60 Estate Drive

CITY, STATE AND ZIP CODE
Deerfield, Illinois 60015

DATE OF BIRTH
1/21/1957

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

NAME
Astellas Pharma Global Development

NUMBER OF EMPLOYEES, MEMBERS
1000+

TELEPHONE *(Include Area Code)*
800-695-4321

STREET ADDRESS
3 Parkway North

CITY, STATE AND ZIP CODE
Deerfield, Illinois 60015

COUNTY
Lake

NAME

TELEPHONE NUMBER *(Include Area Code)*

STREET ADDRESS

CITY, STATE AND ZIP CODE

COUNTY

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

| ☒ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ AGE |
|---|---|---|---|---|
| ☒ RETALIATION | ☒ NATIONAL ORIGIN | ☐ DISABILITY | ☐ OTHER *(Specify)* | |

DATE DISCRIMINATION TOOK PLACE
EARLIEST *(ADEA/EPA)*      LATEST *(ALL)*

1/2010

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

SEE ATTACHED STATEMENT OF PARTICULARS

MAR 0 4 2010

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procededures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

Date 3/4/2010      Charging Party *(Signature)*

EXHIBIT
A

EEOC FORM 5 (Test 10/94)

## STATEMENT OF PARTICULARS
## IN SUPPORT OF CHARGE OF CHARGE OF DISCRIMINATION

Claimant William Wenxun Zhao ("Zhao") hereby submits this Statement of the Particulars in support of his charges against Respondent Astellas Pharma Global Development ("APGD"), a wholly-owned subsidiary of Astellas Pharma ("Astellas") to redress discrimination on the basis of race and national origin in violation of applicable provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq*.

### Facts

1.      Claimant Zhao is a resident of Deerfield, Illinois.  He was born in the Jiangsu Province in China.  He came to the United States in 1983 and became a U.S. citizen in 2001.

2.      Respondent Astellas is a Japanese pharmaceutical company headquartered in Tokyo, Japan.

3.      On information and belief, respondent AGPD is a wholly-owned subsidiary (or in the alternative is a division) of Astellas with its headquarters in Deerfield, Illinois.  AGPD employs a few hundred persons in the U.S.  Therefore, AGPD is subject to Title VII jurisdiction.

4.      Research Data Science (RDS) is a department within APGD comprised of the Biostatistics, SAS Programming, and Data Management departments. There are around 90 employees in RDS, 26 within Biostatistics and 20 in SAS Programming.

5.      Zhao has been employed by AGPD since 2001 as the Senior Director of Research Data Science.

6.      At all relevant times since 2001, Zhao has reported to various individuals who served as head of Research & Development in Astellas U.S. or head of APGD Global Development Operation.  Zhao most recently reported to Peter Carberry.

7.      As a person of Chinese ancestry, Zhao is entitled to the protections of Title VII

1

based on race and/or national origin.

8.    AGPD/Astellas are companies that promote an atmosphere of racial and ethnic discrimination that is manifested in numerous ways amounting to patterns and practices of discrimination and hostile work environments. Specifically:

    a.    There is a belief in the dominant culture. The Japanese culture is viewed as superior to other cultures.

    b.    Persons of Chinese ancestry are disadvantaged and disfavored within AGPD/Astellas.

    c.    In the United States, Caucasians are viewed as superior to other racial and ethnic groups such as African Americans and non-Japanese Asians, but not as superior to the Japanese themselves. Women and older persons are also disfavored.

9.    The pattern and practice of discrimination and hostile work environment at AGPD/Astellas described above exists within the Deerfield headquarters of AGPD.

10.    On January 7, 2010, in conjunction with the termination of co-employees Christopher Young and Jing-ou Liu, Zhao was also terminated by AGPD/Astellas based on his national origin and race.

11.    The reasons given by AGPD for these terminations were phony and pretextual. Further, the phony reasons put forth by AGPD were calculated to intimidate and embarrass Zhao and to cause him to leave quietly, instead of pursuing his rights under law.

12.    These terminations were part of a continuing course of race and national origin discrimination in Zhao's employment, the last act of which occurred within three hundred (300) days.

14. The conduct of AGPD/Astellas was willful and intentional.

15. Zhao has been injured by conduct of AGPD/Astellas, and such injuries will project into the future.

**Requests for Relief**

Zhao seeks all relief to which he is entitled under Title VII of the Civil Rights Act of 1964 for discrimination on the basis of race and national origin, including backpay, and consequential damages including damages for emotional distress. Zhao also demands frontpay (including the value of deprived long term incentives as well as monetary remuneration) or in the alternative, he demands reinstatement. In addition, Zhao demands punitive damages in an amount sufficient to punish AGPD/Astellas and deter others from like misconduct, costs of suit, reasonable attorneys' fees and such further relief as is just and appropriate.

Respectfully submitted,

Claimant William Wenxun Zhao

Date: March 4, 2010          By: _____

Carmen D. Caruso, Esq.
One of his attorneys

Carmen D. Caruso, #6189462
LAW OFFICE OF CARMEN D. CARUSO. P.C.
77 W. Wacker Drive, Suite 4800
Chicago, Illinois 60601
Phone: (312) 606-8640
Fax: (312) 276-8646
cdc@cdcaruso.com

Gary D. Abrams, #0005010
Gary D. Abrams and Associates, Ltd.
55 W. Monroe Street, Suite 1200

Chicago, Illinois 60603
Phone: (312) 263-4085
Fax: (312) 641-6959
gda44@comcast.net

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | William Zhao | From: | Chicago District Office |
|---|---|---|---|
| | c/o Gary D. Abrams, Esq. | | 500 West Madison St |
| | Law Offices of Gary D. Abrams and Associates, Ltd. | | Suite 2000 |
| | 55 West Monroe Street, Suite 1200 | | Chicago, IL 60661 |
| | Chicago, IL 60603 | | |

CERTIFIED MAIL 7011 0110 0001 8772 2833

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2010-02716 | Daniel Gajda, Investigator | (312) 869-8131 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

John P. Rowe, **District Director**

6/1/11
*(Date Mailed)*

cc: **ASTELLAS PHARMA GLOBAL DEVELOPMENT**



EXHIBIT
B